**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HUI QIN,<br>*aka* MUK LAM LI,<br>*aka* KARL QIN,<br><br>                    Debtor. | Case No. 24-41955 (ESS)<br><br><br>Chapter 7 |

### THE HUZHOU CREDITORS' OBJECTION TO THE LETTER REQUEST FOR AN EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS PURSUANT TO 11 U.S.C. § 521

**TO:    THE HONORABLE ELIZABETH S. STONG;**
**        UNITED STATES BANKRUPTCY JUDGE:**

The Huzhou Creditors,[1] by and through their undersigned counsel, hereby file this objection to the letter request by debtor Hui Qin (the "**Debtor**" or "**Qin**") for an extension of the deadline to file Schedules and Statements pursuant to 11 U.S.C. § 521 (Dkt. 19). In support of their objection, the Huzhou Creditors respectfully represent as follows:

#### Objection

Mr. Qin, the chapter 7 Debtor, is/was a billionaire listed on the 2018 *Forbes* list of billionaires with a net worth of $1.8 billion.[2] He owes the Huzhou Creditors over $500 million based on a judgment for 2017 conduct.[3] Within ninety (90) days of the petition date, Mr. Qin filed

---

[1] The "**Huzhou Creditors**" consist of Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership.

[2] "Qin Hui." Forbes, Forbes Magazine, www.forbes.com/profile/qin-hui/. Accessed 24 June 2024.

[3] The Huzhou Creditors hold unliquidated claims against the Debtor for fraud, constructive trust, and other claims. Additionally, the Huzhou Creditors hold a liquidated claims for a CIETAC arbitration award against the Debtor for $443,459,863.48, confirmed in *Huzhou Chuangtai Rongyuan Investment Management Partnership et al. v. Qin*, 1:21-cv-09221-KPF (S.D.N.Y.) (the "Confirmation Action"), aff'd sub nom. *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 23-0747, 2024 U.S. App. LEXIS 6597 (2d Cir. Mar. 20, 2024); *see also Huzhou Chuangtai Rongyuan Investment Management Partnership et al. v. Qin, et al.*, 1:24-cv-02219-KPF (S.D.N.Y.) (the "Fraudulent Conveyance Action") for additional claims and causes of action against the Debtor and his conspirators.

a verified complaint asserting that he owns two penthouses in the Plaza Hotel worth tens of millions of dollars, which were bought using a shill controlled by his wife and funded by an alias of his.[4]   In October 2023, Mr. Qin was arrested by federal authorities, convicted in May 2024, sentenced to time served, and was deported for his conviction of federal financial crimes and fraud.[5]   Yet Mr. Qin filed a voluntary chapter 7 petition (while still in federal detention) the day before his deportation.  If pre-petition trends continue, Mr. Qin's case may occupy an oversized portion of this Court's docket.  He has not filed schedules and has requested two extensions.  The Huzhou Creditors object to the second extension.

Debtors may receive short extensions of the deadline to file schedules and statements beyond the initial forty-five (45) day period if a good faith justification is provided for the extension.  11 U.S.C. § 521(i)(3).  Good faith is read into every action of a debtor in bankruptcy. *See Marrama v. Citizens Bank*, 549 U.S. 365, 376 (2007) ("debtor's conversion right is conditioned upon a bankruptcy judge's finding of 'good faith'").

In his most recent letter request, Mr. Qin asks this Court for an additional seven (7) days to file schedules and statements based on "scheduled medical examinations." Dkt. 19.  He gave no detail.  He gave no explanation why seven (7) days will solve the problem.  Mr. Qin does not outline how he has thus far collected information, where his information is kept, where Mr. Qin is currently, and what Mr. Qin has done to diligently obtain information for schedules and statements before expiration of the deadline(s). Mr. Qin filed his letter motion without attaching any admissible evidence to show a good faith justification for an extension.  Mr. Qin filed a letter

---

[4] On March 11, 2024, Mr. Qin filed a verified complaint against his alleged ex-wife claiming that he paid $61.7 million in total for these two penthouse apartments, plus closing costs. FTA ECF 76-9 at ¶¶16-17, 20-21, 32, 36. They have since been listed for sale by a non-debtor, but the Trustee has asserted his right to stop any sales.

[5] In his criminal action, Mr. Qin pled guilty to money laundering using an alias, having passports in the name of his alias, using a fraudulent driver's license to open bank accounts, and immigration fraud. *See United States. v. Qin Hui*, 2:24-cr-00100-JMA-ST, Dkt. 43-1 (E.D.N.Y.).

motion on the eve of the expiration of the initial deadline for which he had already sought an extension without mentioning any additional need for time – or explanation for why time was needed.

Mr. Qin's delay in submitting schedules and statements was foreseeable given that he has testified he does not keep business records, he deleted his communications, and that he does not even use email.[6]  District Judge Failla in the Southern District previously rejected Mr. Qin's good faith after holding him in contempt repeatedly.[7]  Indeed, the Debtor's pre-petition actions may spread to these proceedings.[8]

While Mr. Qin did not present evidence to support his motion, there is contrary evidence that he is not so unwell he cannot produce schedules or statements of financial affairs.  On March 18, 2024, Mr. Qin testified that he was not "under the regular treatment of a doctor" or was "presently" or even "recently" "under the care of a physician." *United States. v. Qin Hui*, 2:24-cr-00100-JMA-ST (E.D.N.Y.) Dkt. 43-1 at 7:3-13 and 7:19-25.

With these unanswered questions, Mr. Qin does not meet his burden for an extension which, while a low bar to clear, still requires a good faith justification for the extension.  The Huzhou Creditors ask that this Court deny Mr. Qin's request for an extension.

---

[6] "ECF" is the Confirmation Action docket. "FTA ECF" is the docket in the Fraudulent Conveyance Action.  ECF 136 at 17:8-11; ECF 243 at 1-3; ECF 237-1 at 101:17-102:3; and ECF 234 at 2. *See also,* ECF108-11 at 138:16-18; ECF 176-9 at 239:9-19; and ECF 176-10 at 404:18-407:14, 430:16-19, 451:3-13, 467:20-468:2.

[7] "Mr. Qin has lied to me in written submissions. He's lied to me in oral submissions. He's lied to me to my face in court appearances. He's lied to me on phone calls. He's lied to me in written submissions. He's lied to me directly. He's lied to me through his counsel." FTA ECF 122 at 9:23-10:2

[8] "Yet again, this Court must contend with Respondent Hui Qin's impenitent refusal to abide by court orders, particularly insofar as they pertain to post-judgment discovery. After months of noncompliance, in April 2023, the Court imposed sanctions on Respondent in the form of the reimbursement of the reasonable attorneys' fees and expenses incurred by Petitioners [Huzhou Creditors]." *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Hui Qin*, 2024 U.S. Dist. LEXIS 41473, at *1-2 (S.D.N.Y. Mar. 5, 2024).

DATED: June 24, 2024
   New York, New York

_/s/ Andrew Alfano_____

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

Andrew C. Smith
Andrew V. Alfano
31 West 52nd Street
New York, NY 10019
Tel: (212) 858-1000
Fax: (212) 858-1500
andrew.smith@pillsburylaw.com
andrew.alfano@pillsburylaw.com

Geoffrey R. Sant
600 Brickell Avenue, Suite 3100
Miami, FL 33131
Tel: (786) 913-4900
Fax: (786) 913-4901
geoffrey.sant@pillsburylaw.com

Hugh M. Ray, III (*pro hac vice* forthcoming)
609 Main Street, Suite 2000
Houston, TX 77002
Tel: (713) 276-7600
Fax: (713) 276-7673
hugh.ray@pillsburylaw.com

*Counsel for the Huzhou Creditors*