UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                          :
                                                :
HUI QIN,                                        :     Chapter 7
  *aka* MUK LAM LI                              :     Case No. 24-41955 (ESS)
  *aka* KARL QIN,                               :
                                                :
                       Debtor.                  :
------------------------------------------------------X

### MOTION OF THE UNITED STATES TRUSTEE SEEKING AN ORDER EXTENDING THE DEADLINE TO FILE AN OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, submits this motion (the "Motion") for an Order extending the time within which the United States Trustee may file a complaint objecting to the discharge of the Debtor, Hui Qin *aka* Muk Lam Li *aka* Karl Qin, (the "Debtor") through December 31, 2024, pursuant to Bankruptcy Rule 4004 and 11 U.S.C. § 727. In support of the motion, the United States Trustee respectfully represents as follows:

### JURISDICTION

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

**A.   General Background.**

1.   On May 8, 2024 (the "Filing Date"), the Debtor filed a Chapter 7 Voluntary Petition for Individuals. ECF Doc. No. 1.

2.   On May 8, 2024, Richard McCord was appointed as the Chapter 7 Trustee. See Docket.

3.  The deadline to object to discharge is August 12, 2024.  See Docket.

4.  The initial meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "Meeting of Creditors") was scheduled for June 12, 2024, at 12:00 p.m. at which counsel for the Debtor, Yimin Chen, Esq. ("Chen"), and the Debtor appeared.  Because the Debtor had failed to file schedules or provide appropriate proof of identification to be examined by that date, the Chapter 7 Trustee adjourned the Meeting of Creditors to July 10, 2024, at 2:00 p.m.

5.  On July 8, 2024, the Debtor filed his Schedules and Statement of Financial Affairs.  ECF Doc. Nos. 27, 28, 30.

6.  The Debtor was examined at the July 10th Meeting of Creditors.  Based on the information testified to at the Meeting of Creditors, the meeting was adjourned to August 14, 2024, at 2:00 p.m.

**B.    The Meeting of Creditors.**

7.  At the Meeting of Creditors, the Debtor testified that he transferred millions of dollars to his "ex-wife"[1] and in-laws within a couple years prior to the bankruptcy filing.  See 341 Meeting Recording dated July 10, 2024 (the "341 Meeting Recording"[2]).  The Debtor failed to disclose these transfers on his Statement of Financial Affairs.  See ECF Doc. No. 27.

8.  The Debtor also testified that he transferred funds from bank accounts not disclosed on his schedules to another individual prior to the bankruptcy filing.  See 341 Meeting Recording.

9.  When asked about ownership interest in vehicles, the Debtor testified that a few

---

[1] At the Meeting of Creditors, the Debtor referred to his wife as "ex-wife," but also indicated that they were legally married in China, but unsure of their marital status in the United States of America.

[2] The 341 Meeting of Creditors was held on July 10, 2024. Trial Attorney Reema Lateef was present. A transcript of the 341 Meeting of Creditors will be provided upon request.

years prior to the bankruptcy filing, he transferred and sold vehicles to other individuals. See 341 Meeting Recording.

10.     While the Debtor disclosed his interest in jewelry and other personal items on his schedules, the Debtor testified at the Meeting of Creditors that the value of the personal items is more than a million dollars.  See ECF Doc. No. 27; 341 Meeting Recording.

11.     . According to the Debtor, these personal items are in possession of his ex-wife. The value of such personal items was listed as "unknown" on the schedules[3].  See ECF Doc. No. 27; 341 Meeting Recording.

## ARGUMENT

### There is Cause to Grant the United States Trustee's Motion Seeking an Order Extending the Deadline to Object to Discharge

Bankruptcy Rule 4004(b)(1) provides that "on a motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subsection (b)(2), the motion shall be filed before the time has expired." Here, document production and further examination of the Debtor are necessary to determine whether there are grounds under 11 U.S.C. § 727 to object to the Debtor's discharge.  Due to the Debtor's failure to file his schedules, the Meeting of Creditors was held only a month prior to the August 12th deadline to object to the Debtor's discharge.  At the July 10th Meeting of Creditors, the Debtor testified that he had transferred millions of dollars' worth of assets pre-petition.  Also, there was information gathered at the Meeting of Creditors that was not disclosed on the schedules which warrants further investigation.  The Debtor testified that certain assets listed at "unknown" values  are worth millions of dollars, which further supports the need for additional

---

[3] The Debtor listed "wines" on Schedule A/B but listed the value as "unknown."  The Debtor also listed "jewelry" on Schedule A/B with a value of "unknown."

time to examine the Debtor's assets, transfers, and transactions, and determine the veracity of his testimony and the bankruptcy documents he signed under oath. Based on the testimony at the Meeting of Creditors, the United States Trustee has concerns regarding the transfer and/or concealment of estate property that requires intensive investigation. Furthermore, the Debtor has a history of using different names, making it difficult to verify bank accounts, assets, and transactions which requires an additional investment of resources by the United States Trustee to investigate the Debtor's finances and financial condition. The delays in the case, the ambiguities created by the Debtor's testimony, and the Debtor's complex financial circumstances, including ownership in interest in valuable assets and possibly businesses, requires the United States Trustee to devote additional time and resources to conduct a proper investigation to evaluate whether an objection to discharge is warranted. The effort necessary to complete this type of review will require additional time well past the August 12th deadline currently set to object to discharge. For these reasons, the United States Trustee respectfully asks the Court to extend the Deadline through December 31, 2024.

## CONCLUSION

WHEREFORE, the United States Trustee requests entry of an Order pursuant to Bankruptcy Rule 4004, extending the time for the United States Trustee to file a complaint under 11 U.S.C. § 727 objecting to the Debtor's discharge through December 31, 2024, without prejudice to the United States Trustee's right to seek further extensions of time, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     August 2, 2024                                                      Respectfully Submitted,

                                                                                      WILLIAM K. HARRINGTON,
                                                                                      UNITED STATES TRUSTEE, REGION 2

By: */s/ Reema Lateef*
    Reema Lateef, Esq.
    Trial Attorney
    Alexander Custom House
    1 Bowling Green, Suite 510
    New York, New York 10008
    Tel. No. (212) 510-0500