| | |
|---|---|
| Yimin Chen, Esq. | **Hearing Date: November 5, 2024** |
| Law Offices of Chen & Associates, P.C. | **Hearing Time: 10:30 a.m.** |
| 37-12 Prince Street, Suite 9D | **Objection Date: October 29, 2024** |
| Flushing, New York 11354 | |
| Tel: (718)886-4858 | |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

In re:                                                            Chapter 7

                                                                  Case No.: 24-41955 (ESS)

Hui Qin aka Muk Lam Li aka Karl Li,

                                          Debtor.                    Honorable Elizabeth S. Stong

-----------------------------------------------------------------X

## AFFIRMATION IN SUPPORT

I, Yimin Chen, an attorney duly admitted to practice law in the United States Bankruptcy Court, Eastern District of New York, and the courts of the State of New York, hereby affirms the following under penalty of perjury:

1. I am principal of the Law Offices of Chen & Associates, P.C., attorneys on record for the debtor Hui Qin aka Muk Lam Li aka Karl Li (the "Debtor").

2. This affirmation is submitted in support of the within motion which seeks that an Order be made and entered:

    a.) Allowing Yimin Chen and Law Offices of Chen & Associates, P.C. to withdraw as counsel for the debtor Hui Qin aka Muk Lam Li aka Karl Li in this Chapter 7 proceeding;

    b.) Staying the case for 30 days to allow the debtor Hui Qin aka Muk Lam Li aka Karl Li to seek alternate counsel if he so chooses;

1

    c.) And such other and further relief as this Court deems just and proper.

3. Your affirmant asks that movant's motion be granted in tis entirety.

## PROCEDURAL INFORMATION

4. Debtor initially filed his petition under Chapter 7 of the United States Code on May 8, 2024 (the "Filing Date").

5. Mr. Richard J. McCord is appointed as the Chapter 7 Trustee (the "Trustee") for this case.

6. On May 22, 2024, Debtor filed a motion to extend time to file schedules and statements.

7. Debtor appeared virtually for his first 341 meeting on June 12, 2024 at 12:00 p.m. The meeting is continued to July 10, 2024 at 2:00 p.m.

8. On July 8, 2024, Debtor filed the required schedules and statements.

9. On July 10, 2024 at 2:00 p.m., Debtor appeared virtually for the continued 341 meeting. The meeting lasted four hours.

10. On August 14, 2024 at 2:00 p.m., Debtor appeared virtually for the continued 341 meeting. The meeting lasted one hour.

11. On August 19, 2024, the Trustee sent the undersigned an email requesting numerous documents from the Debtor. The undersigned forwarded the Trustee's document request to the Debtor on the same day with a Chinese translation of the Trustee's document request.

12. The next scheduled 341 meeting is September 26, 2024 at 1:00 p.m.

13. On September 13, 2024, the Trustee filed a Motion for an Order Disallowing Debtor's Claimed Exemption for Personal Property, with a hearing date scheduled on October 22, 2024 at 10:30 a.m.

14. There has been a breakdown in communications between your affirmant and the client. There are trust issues which your affirmant cannot overcome with the client, which exacerbated the client's non-cooperation. A large amount of time is spent trying to persuade the client to follow your affirmant's instructions. To date, the client has not provided the documents requested by the Trustee. Furthermore, the client is refusing to pay counsel fees and this office cannot endure to carry this case any further without payment, especially when the Trustee's motion is pending and anticipated Rule 2004 examinations and discovery is forthcoming. Already a massive amount of time has been spent to this case such as appearing for court hearings on the Debtor's Motion to Extend Time to File Schedules and Statements, appearing for the continued 341 meetings, communicating with the Trustee, and for which your affirmant was never compensated.

15. In light of the fact that the case is very complicated and the Debtor is not an attorney, it is requested that the case be stayed for thirty days so that he may retain alternate counsel if he so chooses.

16. Debtor has discharged the undersigned and the Law Offices of Chen & Associates, P.C. and submitted his declaration in support of this application. A copy of his declaration is attached as Exhibit A.

17. No prior request for the relief herein requested has been made.

Dated: September 20, 2024
      Queens, New York

                                              ___/s/ Yimin Chen_____
                                                Yimin Chen, Esq.