**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

HUI QIN,
*aka* MUK LAM LI,
*aka* KARL QIN,

                    Debtor.

----------------------------------------------------------- x

Case No. 24-41955 (ESS)

Chapter 7

## LIMITED OBJECTION OF HUZHOU CREDITORS TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 APPROVING SETTLEMENT, COMMON INTEREST AND COOPERATION AGREEMENT AND GRANTING SUCH OTHER AND FURTHER RELIEF AS IS JUST

Creditors Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership and Huzhou Huirongsheng Equity Investment Partnership (collectively, the "**Huzhou Creditors**"), by and through their undersigned counsel, hereby object to the Chapter 7 Trustee's ("**Trustee**") *Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019 Approving Settlement, Common Interest and Cooperation Agreement and Granting Such Other and Further Relief As Is Just* [ECF No. 104-1] (the "**Motion**") on the grounds set forth herein, and reserve all of their rights related thereto. In support thereof, the Huzhou Creditors respectfully state as follows:

### LIMITED OBJECTION[1]

1.    The Huzhou Creditors do not object to the proposed cooperation and settlement agreement between the Trustee and the Liquidators in the form of information sharing and joint recovery efforts (the "**Settlement**"). However, any such arrangement must comply with the priority scheme of the Bankruptcy Code.

---

[1] All defined terms not defined herein shall have the meanings ascribed to them in the Motion.

2. Under the Settlement, in exchange for the information in the Liquidators' possession and the recovery assistance the Liquidators may provide, the Trustee agrees that the Liquidators would "receive 50% of the net proceeds recovered from the liquidation of the [] Debtor's non-exempt assets, wherever located." See ECF No. 104-1, at 3. But the proofs of claim filed by the Liquidators constitute approximately a mere 5% of the amount of all claims against the estate. Even assuming the Liquidators' filed claims are allowable, the Settlement would increase the Liquidators' recovery by tenfold, to 50% of the value of the estate. Devoid of any evidence that may justify such a deviation from the priority scheme, the Settlement gives improper preferential treatment to one creditor and does not comply with the Bankruptcy Code. Accordingly, the Court should not approve the Settlement in its current form.

3. A 9019 settlement cannot be used to circumvent the priority scheme of the Bankruptcy Code. In Jevic, the Supreme Court made clear that "[i]n Chapter 7 liquidations, priority is an absolute command." See Czyzewski v. Jevic Holding Corp., 580 U.S. 451, 464 (2017). Bankruptcy courts cannot, "without the consent of the affected parties, deviate from the basic priority rules that apply under the primary mechanisms the Code establishes for final distributions of estate value . . . ." Id. at 455. In a chapter 7 context, this also means "[c]reditors within a given class are to be treated equally, and bankruptcy courts may not create their own rules of superpriority within a single class." See In re NETtel Corp., No. 00-01771, 2020 WL 2047965, at *3 (Bankr. D.D.C. Apr. 28, 2020) (quoting *Matter of Saybrook Mfg. Co., Inc.,* 963 F.2d 1490, 1496 (11th Cir. 1992))*; see also Matter of Fesco Plastics Corp., Inc., 996 F.2d 152, 155 (7th Cir. 1993) ("11 U.S.C. § 726(b) . . . requires pro rata distribution to claimants of the same class.").

4. The Settlement does not comply with the priority scheme as it would catapult the Liquidators' recovery from a mere 5% (as shown by the filed proofs of claim) to half of the value of the estate. In the Second Circuit, when a bankruptcy court evaluates a 9019 settlement, "the most

important" and "often [] the dispositive" factor is whether the "distribution scheme complies with the Code's priority scheme." In re Iridium Operating LLC, 478 F.3d 452, 464-65 (2d Cir. 2007). As the Settlement improves the Liquidators' recovery by ten-fold at the expense of similarly situated creditors in the same class, it cannot be approved under binding precedent in this Circuit.

5. Nor is it clear that the Settlement serves a "significant Code-related objective" that may justify a violation of the priority rule. See Jevic, 580 U.S. at 468; see also Iridium, 478 F.3d at 464-65 ("[W]here the remaining factors weigh heavily in favor of approving a settlement, the bankruptcy court . . . could endorse a settlement that does not comply in some minor respects with the priority rule . . . ."). A settlement may be approved with a "minor" deviation from the priority rule "if the parties to the settlement justify, and the [] court clearly articulates the reasons for approving [such] a settlement." Id. at 464-65. But here, other than making high-level allegations about the benefits of the Settlement in terms of getting access to information in the Liquidators' possession and foreign language assistance, there is no evidence in the record that may allow the Court to form an independent assessment of the reasonableness of the value of the rights surrendered by the Trustee against the claimed value of the Settlement to the estate. See In re Neshaminy Off. Bldg. Assocs., 62 B.R. 798, 804 (E.D. Pa. 1986). The Trustee must present concrete evidence to warrant providing such a substantial windfall to the Liquidators, and for the Court to conclude that the Settlement benefits the estate as a whole, including creditors whose recoveries will be negatively affected by the Settlement. See Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 437 (1968) (holding that a reviewing court needs facts, not allegations, to make an informed and independent judgment regarding the fairness of a compromise). The current record simply does not suffice.

6. For the foregoing reasons, the Settlement in its current form should not be approved. Accordingly, the Court should deny the Motion.

DATED: January 14, 2025
New York, New York

                */s/ Daniel J. Saval*
                Daniel J. Saval
                Donna (Dong Ni) Xu
                Vincent C. Yiu
                Kobre & Kim LLP
                800 3rd Avenue
                New York, NY 10022
                Tel: (212) 488-1200
                Fax: (212) 488-1200
                Email: daniel.saval@kobrekim.com
                Email: donna.xu@kobrekim.com
                Email: vincent.yiu@kobrekim.com