Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

HUI QIN A/K/A MUK LAM LI
A/K/A KARL QIN,

                Debtor.
----------------------------------------------------------X

Chapter 7

Case No.: 124-41955-ess

**APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING CHAPTER 7 TRUSTEE TO ISSUE SUBPOENAS DIRECTING EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY A RESPONSIBLE PARTY OF <u>STANDARD CHARTERED BANK U.S.</u>**

**TO: THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**
**EASTERN DISTRICT OF NEW YORK**

Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee") for the estate of Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin (the "Debtor"), by and through his counsel Certilman Balin Adler & Hyman, LLP, as and for his application (the "Application") pursuant to Bankruptcy Rule 2004 for an Order (i) authorizing the Trustee to issue a subpoena directing examination of responsible party of Standard Chartered Bank, U.S. ("Standard") with knowledge and information pertaining to the Debtor and his business or financial affairs, and production of documents; and (ii) and for such other, further and different relief as this Court may deem just, proper and equitable.

8539624.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Application is based upon Bankruptcy Rule 2004.

## PROCEDURAL HISTORY

3. On May 8, 2024 (the "Filing Date"), the Debtor filed a voluntary Chapter 7 petition, and on the same day the Trustee was appointed as the interim trustee for the estate of the Debtor and is now qualified to act as permanent trustee.

4. Upon information and belief the Debtor had, as of the Filing Date, no less than one (1) bank account(s) with Standard. A copy of the relevant page of the Complaint (USBC SDNY 1-24-cv-02219-KPF) is annexed hereto as **Exhibit A**. In this bankruptcy case and other non-bankruptcy litigation the Debtor has developed a reputation of non-cooperation. *See, e.g.*, Complaint in *McCord v. Qin*, Bankr. E.D.N.Y. Adv. P. No. 24-1109-ess (seeking to deny the Debtor his discharge for, among other reasons, failure to cooperate with the Trustee in the turnover of business and financial information). Moreover, the Debtor admitted in a criminal action to engaging in fraud with an identification document in the form of a Florida driver's license under the alias of "Muk Lam Li." A copy of the case docket from the Criminal Action is annexed hereto as **Exhibit B**. Thus, there is a reasonable possibility that the Debtor has other accounts with Standard, either in his given name of Hui Qin a/k/a Karl Qin and/or "Muk Lam Li."

5. Accordingly, the Trustee would like to conduct an examination of Standard to fully investigate the business and financial affairs of the Debtor which may have been done, in part, through one or more accounts at Standard, and to obtain documents, including but not limited to, bank statements and other documents for the period of January 1, 2018 through and including May 8, 2024 for any and all accounts held by the Debtor in either his given name of "Hui Qin" a/k/a "Karl Qin" and/or his false alias of "Muk Lam Li." Included in this request is any and all signature cards to any such accounts located, as well as copies of deposit or withdrawal forms, wire, Zelle or ACH transfers and/or canceled checks. Annexed hereto as **"Exhibit C"** is a more particularized list of the documents requested.

**RELIEF REQUESTED**

6. In view of the foregoing, The Trustee requests an Order authorizing the Trustee to issue a subpoena to examine a responsible party of Standard, with knowledge and information pertaining to the Debtor's bank account records held at Standard, whether in his given name of Hui Qin a/k/a Karl Qin and/or his false alias Muk Lam Li, and request the production of bank account statements relating to the Debtor pursuant to Bankruptcy Rule 2004.

7. Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b) the examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Consequently, the Trustee respectfully requests that the Court enter the proposed Rule 2004 Order filed herewith.

8539624.1

8. Additionally, The Trustee seeks authorization to serve the Order and a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Standard, to compel the production of documents from Standard, and to compel Standard to appear for an examination, at its corporate headquarters located at 1095 Avenue of the Americas, New York, New York 10036. The time to produce the documents requested by, object to, move to quash or otherwise respond to the Subpoena shall be the time established by Rule 45 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 9016.

9. As there are no novel issues of law, it is respectfully requested that the Court waive the requirement of LBR 9013-1(a) that a separate memorandum of law be submitted in connection with this application.

10. No prior request for the relief requested herein as against Standard has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order be entered pursuant to Rule 2004 of the Bankruptcy Rules, Order (i) authorizing The Trustee to issue a subpoena directing examination of a responsible party of Standard with knowledge and information pertaining to the Debtor and his known alias, Muk Lam Li, and production of documents; and (ii) and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
April 15, 2025

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Counsel to the Chapter 7 Trustee

By: /s/ Richard J. McCord
**RICHARD J. MCCORD, ESQ.**
Robert D. Nosek, Esq.
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

4

8539624.1