Vivian M. Arias, Esq.  **Presentment Date: August 5, 2025**
HOLLAND & KNIGHT LLP  **at 10:30 a.m.**
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone:    (212) 751-3325
Email:  vivian.arias@hklaw.com
*Attorneys for Precedent Asset Management-4B, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
In re                                  :    Case No. 24-41955 (ESS)
:
*HUI QIN a/k/a MUK LAM LI a/k/a*       :
*KARL QIN*,                            :    Chapter 7
:
              Debtor.                  :
:
------------------------------------------------------x

**OBJECTION OF PRECEDENT ASSET MANAGEMENT-4B, LLC
TO THE TRUSTEE'S NOTICE OF PRESENTMENT OF AN ORDER
MODIFYING STAY PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 4001(d) [DKT. NO. 195]**

TO:    THE HONORABLE ELIZABETH S. STONG,
       UNITED STATES BANKRUPTCY JUDGE:

Precedent Asset Management-4B, LLC (the "PAM 4B"), as and for its *Objection of Precedent Asset Management-4B, LLC to the Trustee's Notice of Presentment of Order Modifying Stay Pursuant to Federal Rule of Bankruptcy Procedure 4001(d)* [Dkt. No. 195] (the "Application"), respectfully represents:

1.  PAM 4B is the holder of a $23.6 million loan (the "Loan") secured by, among other things, a first mortgage on the on the real property known as and located at One Central Park South, Units Nos. 2009 and 2003, New York, New York 10019 (the "Apartments") owned by non-debtors St. Grand Ceremony LLC ("St. Grand") and PH2003 Unit LLC ("PH2003," and collectively with St. Grand referred to as the "Non-Debtor Borrowers"), and a pledge of the

1

membership interests in such Non-Debtor Borrowers, given by J.P. Morgan Trust Company of Delaware of New Castle County, State of Delaware, as Trustee of the I Love GLE Trust (the "Trust"). The Non-Debtor Borrowers are owned by the Trust, and managed by the Debtor's ex-spouse Duo "Emma" Liu, not the Debtor. The Non-Debtor Borrowers and Duo "Emma" Liu are collectively referred to herein as the "Liu Parties."

2. After having unsuccessfully attempted to obtain this Court's approval to sell the Apartments, which are not part of the Debtor's estate, this Application again seeks authority beyond what the Trustee has, and which would adversely impact PAM 4B's right to immediate repayment of its first priority mortgage upon any sale of the Apartments. Indeed, the Application does not just seek relief from the automatic stay so that the Liu Parties may request modification of the Preliminary Injunction Order (defined below) entered in the SDNY Action (defined below) to sell the Apartments. The Application also includes a request for approval of a stipulation, attached as Exhibit A to the Application (the "Stipulation"), that was entered into by the Trustee and the Liu Parties, without consultation with PAM 4B, and would require the "net proceeds" of the sale to be placed into a blocked account or escrow for later determination of the application of such "net proceeds." The Application and Stipulation do not define "net proceeds" and do not state whether PAM 4B would be paid at the closing of any sale of the Apartments. As such, PAM 4B respectfully objects to the Application and Stipulation to the extent that they do not provide for the immediate payment to PAM 4B at closing of any sale of the Apartments of the full amount due to PAM 4B under its Loan from the gross proceeds of such sale.

## Background

3. On June 4, 2025, PAM 4B filed a *Motion For Determination of Inapplicability of the Automatic Stay, or, in the Alternative, Relief From The Automatic Stay Pursuant to 11 U.S.C.*

*§ 362(d)(1) and (2)* [ECF Doc. No. 178] (the "PAM 4B Motion"). A true and correct copy of the PAM 4B Motion is attached hereto as **Exhibit A**.

4. True and correct copies of the Note, Mortgage, Guaranty, and other Loan Documents (as each of such terms are defined in the PAM 4B Motion) are attached to the Declaration of Stephen Smith in Support of the PAM 4B Motion (the "Smith Declaration"), a true and correct copy of which is attached hereto as **Exhibit B**.

5. Prior to the Debtor's petition date of May 8, 2024 (the "Petition Date"), Events of Default occurred and are continuing under Loan Documents as a result of, among other things, (i) commencement of the NYS Action[1] and the filing of the related Notice of Pendency on March 11, 2024, (ii) entry of that certain Preliminary Injunction Order[2] and the related SDNY Action,[3] (iii) the Non-Debtor Borrowers' failure to pay the monthly payment due under the Note on August 1, 2024, and each month thereafter, and (iv) the Non-Debtor Borrowers' failure to pay real estate taxes and condominium charges. *See* Smith Declaration at ¶ 11-15.

6. Pursuant to the Loan Documents, interest at the Default Rate (as defined in the Loan Documents) accrues on all sums due and owing under the Note from the date of the earliest Event of Default, in addition to PAM 4B's fees and costs. PAM 4B has been charging interest at the Default Rate since March 11, 2024. Smith Declaration at Ex. G.

7. As discussed in the PAM 4B Motion, neither the Debtor nor the Trustee have set forth any legal or factual basis to support a claim of ownership by the Debtor in the Apartments. At best, the Estate's interest, if any, in the Apartments is limited to an undefined or inchoate claim.

---

[1] **"NYS Action"** means the action captioned *Hui Qin v. Duo Liu et al.*, pending in the New York Supreme Court, New York County, bearing Index No. 152062/2024.
[2] **"Preliminary Injunction Order"** means that certain Order Granting Preliminary Injunction entered in the SDNY Action (defined below) on or about April 26, 2024.
[3] **"SDNY Action"** means the action captioned *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin a/k/a Muk Lam Li, Li Muk Lam, Hui Hui Qin, Karl Qin and Hui Quin, et al.*, pending in the United States District Court, Southern District of New York, bearing Case No. 1:24-cv-02219-KPF.

Under any scenario, the Trustee's interest, if any, in the Apartments is junior to PAM 4B's undisputed senior secured interest and likely also junior to the equity interest of the Non-Debtor Borrowers. As such, the automatic stay does not apply to PAM 4B and should not prohibit PAM 4B from enforcing its rights and remedies under the Loan Documents.

8. The Trustee, however, has relied on bald and yet-to-be substantiated assertions of the Debtor in the NYS Action and allegations of the plaintiffs in the SDNY Action to argue that the Estate has some unadjudicated, equitable interest in the Apartments owned by the Non-Debtor Borrowers and controlled by his ex-wife.

9. Specifically, in the NYS Action, the Debtor has not alleged an ownership interest in the Apartments but rather asserts a possible equitable claim to the Apartments or the proceeds of a sale thereof.

10. In the SDNY Action, creditors of the Debtor (the "Huzhou Plaintiffs") have asserted, among other things, that the Debtor fraudulently transferred assets to defraud his creditors, and that the Non-Debtor Borrowers should be deemed "alter egos" of the Debtor.

11. However, the Debtor has not claimed an ownership interest in the Apartments nor does he dispute that the Apartments are owned by the Non-Debtor Borrowers, or that the Loan is not enforceable as to the Apartments. *See* Transcript of December 30, 2024 Hearing at p. 17:17-20, true and accurate copies of the relevant pages of the Transcript from the December 30, 2024 Hearing are attached to the PAM 4B Motion as Exhibit 3. That notwithstanding, the Debtor listed an interest in the Apartments on his Schedules of Assets and Liabilities, [Docket No. 27] ("Schedules").

12. On September 26, 2024, without advance notice to Lender as holder of a mortgage as to the Apartments, the Trustee filed the 9019 Apartments Motion,[4] requesting that the Bankruptcy Court enter an order, among other relief, approving a proposed *Stipulation and Order Regarding Sale of Certain Properties and Escrow of Funds*, entered into by and between the Trustee, on one hand, and the Non-Debtor Borrowers and Liu (and when referred to together with the Non-Debtor Borrowers, the "Liu Parties"), on the other, which is attached as Exhibit A to the Motion (the "Stipulation"). [Dkt. No. 71].

13. Through the Stipulation, the Trustee and the Liu Parties agreed upon a procedure for the Apartments to be marketed for sale prior to litigation over the Debtor's alleged equitable interest, to avoid creating "a situation where mortgage defaults could possibly materially reduce the availability of proceeds through the incurrence of default interest and other costs and expenses." [Dkt. No. 71]. In the 9019 Apartments Motion, the Trustee asserted that approval of the Stipulation would provide an "interim resolution" whereby the Mortgaged Premises could be sold subject to the respective positions of the Trustee and Liu Parties in order to avoid potentially costly litigation over (i) whether the Apartments are property of the Debtor's estate, (ii) whether the automatic stay applies and (iii) which party is entitled to the proceeds of the sale of the Apartments. [Dkt. No. 71].

14. The Liu Parties and the Trustee, respectively, did not consult with PAM 4B or its predecessor-in-interest (as may be appropriate, "Lender") prior to their negotiating the terms of the Stipulation, nor did the Trustee serve the 9019 Apartments Motion upon Lender. After Lender became aware of the pendency of the 9019 Apartments Motion, Lender filed an objection to the

---

[4] **"9019 Apartments Motion"** means that certain Motion For An Order (I) Pursuant To 11 U.S.C. §105(A) And Federal Rule Of Bankruptcy Procedure 9019 Approving Stipulation; (ii) Pursuant To L.B.R. 9077-1(c) Shortening The Notice Periods And Scheduling A Hearing On An Expedited Basis And (iii) Granting Such Other Relief As Is Just [Dkt. No. 71] filed by Trustee (as defined herein).

9019 Apartments Motion [Dkt. 107], asserting that the 9019 Apartments Motion should be denied since the Debtor does not own the Apartments, the Debtor is not an obligor under the Loan, and the Apartments are not property of the Estate. During the December 30, 2024 hearing, the Debtor represented to the Bankruptcy Court that he "do[es] not have ownership" of the Apartments. *See* Ex. 3 at p. 17:17-20.

15. The Bankruptcy Court conducted hearings on December 30, 2024 and February 10, 2025, to consider the Trustee's arguments in support of the 9019 Apartments Motion.

16. During the December 30th hearing, the Court stated that "[t]he trustee cannot sell, and the Court should not approve, the sale of property that is not within the jurisdiction of this Court." See Ex. 3, at p. 21:19-21.

17. At the February 10, 2025 hearing, the Court denied the 9019 Apartments Motion without prejudice.

18. In the weeks and months thereafter, PAM 4B sought to discuss with the Trustee and Liu Parties a possible resolution for a sale of the Apartments on consent of all parties. However, those discussions went nowhere, and no further action was taken by the Trustee or Liu Parties for several months.

19. On June 4, 2025, PAM 4B filed its PAM 4B Motion so that it may pursue its remedies under the Loan Documents, including, among other things, foreclosure of the Mortgage on the Apartments. [Dkt. No 178]. On July 17, 2025, the Trustee objected to the PAM 4B Motion. [Dkt. No. 192]. At the hearing on July 22, 2025, the Court adjourned the PAM 4B Motion to August 15, 2025.

20. Just as with the 9019 Apartments Motion, the Liu Parties and the Trustee did not consult with PAM 4B before filing this Application, have entered into a proposed Stipulation that

would, if approved, affect PAM 4B's first priority interest in the Apartments, and propose that upon the closing of the sale of the Apartments, the proceeds of such sale would be placed into escrow for an unspecified period of time for later distribution.

21. Specifically, paragraphs 1-2 of the Stipulation provide, in pertinent part:

> For the avoidance of doubt, the automatic stay is hereby modified to permit any Party to seek such relief in the District Court provided that the net proceeds from the sale of Unit 2003 and Unit 2009 be "placed in a blocked account or other trust or escrow account requiring [District] Court approval for further transfers, sales, assignments, or dispositions to the Enjoined Defendants or others." Preliminary Injunction Order, ¶11.

> Each Party agrees that it shall not seek the release to it or any of the Enjoined Defendants (as defined in the Preliminary Injunction Order) of the net proceeds from the sale of Unit 2003 and/or Unit 2009 under paragraph 12 of the Preliminary Injunction Order prior to three (3) months from the date of the District Court's lifting of the Preliminary Injunction Order.

22. The Stipulation does not define "net proceeds" or discuss what amounts from the would be subject to or exempt from the provisions of the Stipulation that would block release of gross sales proceeds. To the extent the Stipulation does not provide for PAM 4B to immediate repayment of its Loan upon a sale of the Apartments, which are not property of the Estate, the Application and Stipulation should not be approved.

### The Apartments Are Not Property of the Estate

23. The Trustee acknowledges that there has been no determination that the Apartments are property of the Estate. Instead, the Trustee has, at best, an inchoate, unadjudicated, and unspecified claim that the Estate may have a possible equitable interest in the Apartments.

24. A debtor's mere claim that it owns interest in real property does not bring the real property itself into the debtor's estate, nor does an allegation that the property has been fraudulently transferred, unless and until the real property is recovered by the estate. *FDIC v.*

7

*Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125, 131 (2d Cir. 1992); 11 U.S.C.A. § 541(a) (1,3); *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings Inc.)*, 480 B.R. 179, 192 (S.D.N.Y. 2012) (holding that previously transferred property is not property of a debtor's estate).

### **PAM 4B Is Entitled to Full Repayment at Closing**

25.     As a holder of a first-lien mortgage on the Apartments which are not property of the Estate, PAM 4B is entitled to seek and obtain repayment in full of all amounts due and owing under the Loan Documents and that it be paid first from the proceeds of any sale.

26.     It is well-settled that under applicable non-bankruptcy law and the governing Loan Documents, PAM 4B must immediately receive at closing of any sale of the Apartments, all amounts due under the Loan, including, but not limited to, principal, interest, default interest, costs and fees, including attorneys' fees and costs, before the Non-Debtor Borrowers can transfer title.

27.     PAM 4B reserves the right to object to any aspect of the proposed sale, including, without limitation, the marketing process, the sale and closing procedures, and the sale price.

WHEREFORE, PAM 4B respectfully requests that the Court sustain this objection to the Application and Stipulation and grant such other and further relief as is just and proper.

Dated:  August 4, 2025
        New York, New York

                                        Respectfully submitted,

                                        HOLLAND & KNIGHT LLP
                                        787 Seventh Avenue, 31st Floor
                                        New York, New York 10019
                                        (212)751-3325
                                        vivian.arias@hklaw.com
                                        By:    /s/ *Vivian M. Arias*

                                        Attorneys for Precedent Asset
                                        Management-4B, LLC