UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                   Chapter 7

HUI QIN a/k/a MUK LAM LI a/k/a KARL QIN,

                                   Case No: 24-41955-ess

                 Debtor.
-------------------------------------------------------------X

## APPLICATION FOR THE RETENTION OF THE CORCORAN GROUP, AS REAL ESTATE BROKER TO THE CHAPTER 7 TRUSTEE

TO:    THE HONORABLE ELIZABETH S. STONG
        UNITED STATES BANKRUPTCY JUDGE
        EASTERN DISTRICT OF NEW YORK

The Application of Richard J. McCord, as Chapter 7 Trustee of the above-captioned Debtor respectfully represents as follows:

1. On May 8, 2024 (the "Petition Date"), Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin (the "Debtor"), filed a voluntary petition for relief pursuant to Chapter 7 of the United States Code (11 U.S.C. §101 *et seq.*, "Bankruptcy Code").

2. As of the Petition Date, the Trustee was appointed as the interim chapter 7 trustee, duly qualified and is now the permanent chapter 7 trustee of the Debtor's estate.

3. The Trustee seeks a Court Order, pursuant to Local Rule 2014-1 of the Local Rules of the Eastern District of New York and Section 327 of the Bankruptcy Code authorizing the retention of The Corcoran Group ("Corcoran") as Real Estate Broker to the Trustee and believes Corcoran to be qualified to act as such in connection with marketing and selling two condominium units in the building known as The Plaza Condominium (the "Condominium") with a street address of One Central Park South, New York, NY 10019: (i) Unit 2003 together with its appurtenant interest in the common elements of the Condominium ("Unit 2003"), and (ii) Unit 2009 together with its appurtenant interest in the common elements of the

1

Condominium ("Unit 2009", and together with Unit 2003, collectively, the "Apartments"), with such sale to include any and all equitable and/or legal interests the Debtor's estate has in the Apartments, if any.

4.     The Apartments are being offered for sale under the authority of this Court as well as the U.S. District Court for the Southern District of New York (the "District Court") through prior entered orders.

5.     Prior to the commencement of this case the District Court entered its *Order Granting Preliminary Injunction*, dated April 26, 2024 (Dkt. #95, "the "Preliminary Injunction"") that prevented, among other things, the Liu Parties from selling the Apartments.  Subsequent to the filing of this case, on July 2, 2024, the District Court entered an Order (Dkt. # 163, "Stay Order") staying its action "in deference to Mr. Qin's bankruptcy proceeding in the Eastern District of New York."

6.     Prior to the issuance of the Preliminary Injunction, the Liu Parties had the Apartments listed for sale, but they were withdrawn from the market upon the issue of the Preliminary Injunction.  It is alleged in the complaint filed by the Plaintiffs in this action that even with title to Unit 2009 being in the name of St. Grand and title to unit 2003 being in the name of PH2003, the Debtor/Defendant holds an alleged property interest in Unit 2009 and Unit 2003, with the Trustee now also asserting the same position on behalf of the Debtor's bankruptcy estate.  The Liu Parties dispute those allegations.

7.     Notwithstanding those disputes, the Trustee and the Liu Parties have been engaged in lengthy discussion from the time the Trustee was appointed to arrive at an agreement that would place the Apartments on the market for sale, with any litigation over entitlement to Net Proceeds from such sale(s) deferred.

2

10010141.4

8.    On June 4, 2025, Precedent Management 4B, LLC (the "PAM 4B"), the first mortgagee on the Apartments, filed in the Bankruptcy Court a *Motion For Determination of Inapplicability of the Automatic Stay, or, in the Alternative, Relief From The Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) and (2)* (the "PAM 4B Stay Relief Motion") [Bankr. 24-41955-ess, ECF Doc. No. 178], which motion was joined by the Residential Board of Managers of the Plaza Condominium (the "Board") through its *Joinder of the Residential Board of Managers of the Plaza Condominium to the Motion* [Bankr. 24-41955-ess, ECF Doc. No. 187] (the "Joinder).  The Trustee filed an objection to the PAM 4B Stay Relief Motion and Joinder. *See* Bankr. 24-41955-ess, ECF Doc. No. 192 (the "Trustee Objection").

9.    On July 18, 2025, the Trustee filed with the Bankruptcy Court, by Notice of Presentment, a motion in the Bankruptcy Court under Bankruptcy Rule 4001(d) seeking entry of an order approving a new stipulation (the "Stipulation") by and among the Liu Parties and the Trustee solely to modify the Section 362(a)(1) automatic stay recognized by this Court [Bankr. 24-41955-ess, ECF Doc. No. 195] (the "Trustee Stay Relief Motion").On August 4, 2025, PAM 4B filed an objection to the Trustee Stay Relief Motion.  *See* Bankr. 24-41955-ess, ECF Doc. No. 201 (the "PAM 4B Objection").

10.    Thereafter, respective counsels to the Trustee, the Liu Parties, PAM 4B and the Board (collectively, the "Parties") engaged in extensive discussions to resolve the issues in the PAM 4B Stay Relief Motion, the Joinder, the Trustee Objection, the Trustee Stay Relief Motion and the PAM 4B Objection.  As a result of those negotiations, the Parties entered into two separate proposed consent orders, one resolving the PAM 4B Stay Relief Motion and Joinder, and objection thereto (the "PAM 4B Stay Relief Consent Order") and one resolving the Trustee Stay relief Motion, and the objection thereto (the "Trustee Stay Relief Consent Order").

3

10010141.4

11.     After several hearings, this Court entered an order on October 2, 2025, approving and adopting the PAM 4B Stay Relief Consent Order [*see* Bankr. 24-41955-ess, ECF Doc. Nos. 222 and 223].  Thereafter, on October 14, 2025, the Bankruptcy Court entered the Trustee Stay Relief Consent Order.  *See* Bankr. 24-41955-ess, ECF Doc. No. 226 (the "Trustee Stay Relief Consent Order").  Those orders were entered without objection by creditors and parties in interest in the Bankruptcy Case.  A copy of the Trustee Stay Relief Consent Order is annexed hereto as **Exhibit A**.  As part of the agreements with PAM 4B and the Board, certain benchmark deadlines were established.  The parties are currently outside of those deadlines and PAM 4B recently commenced its permitted foreclosure action on March 6, 2026.  The parties continue to discuss matters including, but not limited to, establishing new benchmark deadlines involving the current sale process.

12.     As a result of this Court's modification of the automatic stay, on October 29, 2025, the District Court entered the *Order Modifying Preliminary Injunction* (Dkt. #177, "Modification Order"), a copy of which is annexed hereto as **Exhibit B**.  The Modification Order allows, among other things, for Duo Liu a/k/a Emma Liu ("Liu"), St. Grand Ceremony LLC ("St. Grand") and PH2003 Unit LLC ("PH2003," and collectively with Liu and St. Grand, the "Liu Parties") and the Trustee to sell any and all interests in and to the Plaza Apartments and escrow Net Proceeds from that sale.  *See* Modification Order ¶ 1.

13.     The Liu Parties and the Trustee thereafter interviewed several real estate brokers both in the distressed real estate space and the midtown Manhattan luxury building market, and in consultation with PAM 4B and the Board, selected Corcoran as the desired real estate broker to market and sell the Apartments.

14.     The Trustee believes the level of marketing to be engaged in by Corcoran will

4

generate the highest and best possible sale price for the Apartments without engaging in an auction process.  The Trustee is advised by Corcoran agents that competitive offers are a routine feature of high-end real estate sale processes with those agents well-versed in such negotiations. Accordingly, the Liu Parties and the Trustee seek to move forward with a sale of the Apartments as a private sale.

15.    Notwithstanding the private nature of this sale, the marketing by Corcoran will include listings on many sites regularly visited by the public.  When it comes time to approve a sale, the Trustee expects to receive from Corcoran a fulsome affidavit describing the varied and extensive marketing techniques employed, the interests expressed in the units and how they arrived at the highest and best offer that will be brought to this Court for approval.

16.    As can be seen from the Affidavit ("Fitzpatrick Affidavit") of Ryan Fitzpatrick ("Fitzpatrick"), annexed hereto as **Exhibit C,** Corcoran is a disinterested party, as such term is defined in Section 101(14) of the Code, with respect to the Trustee, the Debtor, and his Estate in the matters upon which Corcoran is to be engaged by the Trustee except as stated in the Affidavit and this Application.

17.    Corcoran is a well-known real estate brokerage firm with an international reach engaging in this field for many years and have dealt with the type of real property involved in this case. Corcoran is duly licensed to transact business as a real estate broker and Ryan Fitzpatrick is permitted to represent the firm as such.

18.    The Trustee submits that the retention of Corcoran as Real Estate Broker, effective, April 2, 2026, if approved, would enable the most reasonable attempt for the greatest recovery and would be in the best interests of the estate, its creditors, and other parties in interest.

19.    The professional services which Corcoran shall render to the Trustee include

10010141.4

marketing and selling the Apartments, which sale will include any and all equitable and/or legal interests owned by the Debtor's estate, if any.  Any fees claimed to be owed to Corcoran in this matter are subject to the approval by the United States Bankruptcy Court. Corcoran is requesting that the Court allow a real estate broker commission in the amount of five (5%) percent of the gross selling price.

20.     Corcoran shall be permitted to co-list and co-broker the Apartments as they deem necessary and appropriate. In the event of the involvement of a co-broker or co-listing agent, the commission shall never exceed five percent (5%) of the gross selling price of the Real Property.

21.     Corcoran agrees that the payment of the commissions earned by Corcoran, and reimbursement of expenses in this matter will only be paid to Corcoran upon the submission of the proper application made to the Court with prior consent and approval by the Trustee and his counsel.

22.     To the best of Trustee's knowledge, Corcoran does not have any connection with the Trustee, the Debtor's creditors, including Ms. Liu, or any other parties in interest, including, but not limited to St. Grand and PH2009, or their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

23.     Corcoran, is a disinterested party, as such term is defined in Section 101(14) of the Code, with respect to the Trustee, Debtor and its Estate in the matters upon which Corcoran, is to be engaged by the Trustee.

24.     The Trustee seeks to approve his authorization to execute on behalf of the Debtor's estate, the Letter Agreements between the Trustee, the Liu Parties and Corcoran ("Agreements"), which are annexed as Exhibit A to the Fitzpatrick Affidavit.  Pursuant to the Agreements, Corcoran agrees to promote and broker the Apartments in its usual way to obtain

6

the highest possible selling price for the Apartments.    The Bankruptcy Court shall retain jurisdiction over the Agreements.

**WHEREFORE**, the Trustee respectfully prays for an Order of this Court authorizing the Trustee to retain The Corcoran Group, effective April 2, 2026, to act as his Real Estate Broker in connection with the sale of the Apartments; together with such other and further relief as to this Court may seem just and proper.

Dated: East Meadow, New York
      May 13, 2026

                /s/ Richard J. McCord            
                **RICHARD J. MCCORD, ESQ.**
                Chapter 7 Trustee for the Estate of
                Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin
                90 Merrick Avenue
                East Meadow, New York 11554
                (516) 296-7000

10010141.4