UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                                Chapter 7

HUI QIN a/k/a MUK LAM LI a/k/a KARL QIN,

                                                Case No: 24-41955-ess

                  Debtor.
------------------------------------------------------------X

## ORDER AUTHORIZING THE RETENTION OF
## THE CORCORAN GROUP AS REAL ESTATE BROKER
## TO THE CHAPTER 7 TRUSTEE EFFECTIVE APRIL 2, 2026

Upon the Application [ECF No. 235] dated May 13, 2026 (the "Application"), of Richard J. McCord, as Chapter 7 Trustee (the "Trustee") for the Estate of Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin (the "Debtor") for an Order of the Court authorizing the Trustee to retain The Corcoran Group ("Corcoran"), as Real Estate Broker to the Trustee, and upon the Affidavit of Ryan Fitzpatrick of Corcoran, sworn to on May 7, 2026 (the "Affidavit"); and it satisfactorily appearing to the Court that Corcoran represents no interest adverse to the Estate of the Debtor in the matter upon which Corcoran is to be engaged and is a disinterested person within the meaning of Section 327(a) and 101(14) of the Bankruptcy Code; it is therefore

**ORDERED**, that pursuant to 11 U.S.C. §327(a), the Trustee shall be and is hereby authorized to employ Corcoran as Real Estate Broker to the Trustee, effective on April 2, 2026, on the terms set forth in the Application and the Affidavit, with respect the Debtor's interests, if any, in two condominium units in the building known as The Plaza Condominium (the "Condominium") with a street address of One Central Park South, New York, NY 10019: (i) Unit 2003 together with its appurtenant interest in the common elements of the Condominium ("Unit 2003"), and (ii) Unit 2009 together with its appurtenant interest in the common elements of the Condominium ("Unit 2009", and together with Unit 2003, collectively, the "Apartments"); and it is further

**ORDERED**, that Corcoran may place the listing for the Apartments on the "Multiple Listing Service" (the "MLS") and any other marketing and sale sites Corcoran believes appropriate after consultation with the Trustee and the Liu Parties (as defined in the Application); and it is further

1

10022920.2

**ORDERED,** that Corcoran is granted a commission of five percent (5%) of the gross selling price of the ***Apartments***~~Properties~~, with Corcoran permitted to co-list and co-broker the Apartments as they deem necessary and appropriate, such that in the event of the involvement of a co-broker or co-listing agent, the commission shall never exceed five percent (5%) of the gross selling price of the Apartments; and it is further

**ORDERED**, that all of Corcoran's compensation, fees and/or expenses are subject to review for reasonableness pursuant to section 330 of the Bankruptcy Code, upon the proper application before this Court, and upon notice and a hearing, which application shall include a disclosure concerning any split in its commission with any co-broker or co-brokers; and it is further

**ORDERED**, that any sale of the Apartments shall be subject to the Trustee's written consent and subject to approval of this Court upon proper application; and it is further

**ORDERED**, that upon the sale of the ***Apartments***~~Properties~~, the Net Proceeds (as defined in the Trustee Stay Relief Consent Order and the Modification Order) shall be immediately turned over to the Trustee and held pursuant to those orders; and it is further

**ORDERED**, that the Trustee be, and hereby is, authorized to do such things, execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order; and it is further

**ORDERED**, that the Trustee is authorized to execute and enter into the Agreements with Corcoran on behalf of the Debtor's estate; and it is further

**ORDERED**, that to the extent the Application, the Affidavit, and/or the Agreements attached to the Application are inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.



Dated: Brooklyn, New York
June 8, 2026

_____
Elizabeth S. Stong
United States Bankruptcy Judge

2

10022920.2