**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HUI QIN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-41955 (ESS) |

**STIPULATION AND ORDER MODIFYING AUTOMATIC STAY UNDER SECTION 362(A)(1)**

Richard J. McCord, the chapter 7 trustee (the "Trustee") of the estate of Hui Qin, the above captioned Debtor (defined below) and Equal Ocean, LLC ("Equal Ocean," and, together with the Trustee, each a "Party," and collectively, the "Parties"), hereby stipulate as follows:

**RECITALS**

**WHEREAS,** on May 8, 2024 (the "Petition Date"), Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin (the "Debtor") filed a voluntary petition for relief (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"); and

**WHEREAS,** Equal Ocean asserts that it holds loans totaling $5 million in principal (the "Loans") that are secured by, among other things, mortgages on the real property known as and located at One Central Park South, Units Nos. 2009 and 2003, New York, New York 10019 (the "Apartments") owned by non-debtors St. Grand Ceremony LLC ("St. Grand") and PH2003 Unit LLC ("PH2003," together with St. Grand, the "Owners"); and

**WHEREAS**, the Apartments are the subject of a foreclosure action pending before the Supreme Court of the State of New York bearing the caption *Precedent Asset Management-4B, LLC v. St. Grand Ceremony LLC, et al.*, and Index No. 850092/2026 (the "PAM 4B Foreclosure

Action"); and

**WHEREAS,** the Trustee and Precedent Asset Management-4B, LLC ("PAM 4B"), Residential Board of Managers of the Plaza Condominium to the Motion (the "Board"), and the Owners entered into a *Consent Order Resolving Motion of Precedent Asset Management-4B, LLC for Determination of Inapplicability of the Automatic Stay or, in the Alternative, Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) and (2), and Joinder to Motion of the Residential Board of Managers of the Plaza Condominium to the Motion* (the *"4-B Stipulation"*) and this Court entered an *Order Approving Proposed Consent Order Resolving Motion of Precedent Asset Management-4B, LLC for Determination of Inapplicability of the Automatic Stay or, in the Alternative, Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) and (2), and Joinder to Motion of the Residential Board of Managers of the Plaza Condominium to the Motion* [ECF Doc. No. 222] (the "4-B Consent Order") to, among other things, allow PAM-4B and the Board to exercise their rights and remedies with respect to Unit 2009 and/or Unit 2003 in the PAM 4B Foreclosure Action; and

**WHEREAS,** following arm's-length negotiations, the Trustee and Equal Ocean have reached an agreement modifying the automatic stay in this bankruptcy case arising under 11 U.S.C. § 362(a)(1), to the extent it applies, to permit Equal Ocean to participate in the PAM 4B Foreclosure Action and exercise its rights and enforce its remedies in connection with any and all amounts Equal Ocean asserts it is owed by the Owners of the Apartments, which are secured by certain mortgages on the Apartments, in the PAM 4B Foreclosure Action; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS, AND SUBJECT TO COURT APPROVAL:**

1. The automatic stay pursuant to section 362(a)(1) of the Bankruptcy Code, to the

extent it applies, is modified to permit Equal Ocean to ~~exercise its~~ ***pursue its*** rights ***under applicable law*** ~~and enforce its remedies~~ in connection with any and all amounts owed to Equal Ocean by the Owners of the Apartments, which are secured by certain mortgages on the Apartments, in the PAM 4B Foreclosure Action and/or the Condominium Liens Foreclosure Action (as defined in the 4-B Stipulation).

2. The Trustee agrees to accept service on behalf of the Debtor's Estate and hereby waives service of process and consents to accept service of the summons, complaint, and all pleadings and filings by Equal Ocean in the PAM 4B Foreclosure Action and Condominium Liens Foreclosure Action by service upon the Trustee's counsel by email.

3. Notwithstanding anything to the contrary herein, this Stipulation shall not alter the proposed distribution of Net Proceeds set forth in the 4-B Stipulation .

4. Any deadline for Equal Ocean to file a proof of claim in this case, to the extent applicable, is hereby tolled through and including the thirtieth (30th) day following entry of a subsequent order of this Court, if any, determining that the Apartments are property of the Debtor's Estate subject to administration by the Trustee or that Equal Ocean has any claim against the Debtor.

5. Nothing herein or in the PAM 4B Foreclosure Action shall constitute a finding, admission or proof regarding whether the Debtor or his estate has any interest (including under Section 541 of the Bankruptcy Code) in Unit 2003 and/or Unit 2009 or the proceeds of the sale thereof or the Owners as against the Debtor's estate. All rights, claims and defenses of the Parties are reserved on this issue, and the Trustee's and Equal Ocean's entry into this Stipulation is not and cannot be construed as an admission or acknowledgement of either Party concerning ownership of the Apartments as against either Party. Each Party hereto expressly reserves all of

their respective rights, powers, privileges, and remedies in connection with the foregoing claims, and nothing contained in this Stipulation shall be, or shall be construed as, a waiver or modification of such rights, powers, privileges and remedies. Nothing herein shall constitute a finding, admission or proof regarding whether (i) Lui, St. Grand or PH2003 is a recipient of a fraudulent or voidable transfer; (ii) whether any transaction related to Unit 2003 and/or Unit 2009 is subject to avoidance under Chapter 5 of the Bankruptcy Code or applicable state law; or (iii) any other legal theory exists that can or does give rights to the Trustee to claim any ownership in the Apartments. All rights, claims and defenses of the Parties are reserved on these issues.

6. Any and all rights, claims and/or defenses each Party has are hereby preserved and not modified by this Stipulation, including, without limitation, the Trustee's right to challenge the validity, priority, enforceability or amount of the Loans and/or of Equal Ocean's mortgages on Unit 2003 and/or Unit 2009.

7. Each person who executes this Stipulation on behalf of a Party represents and warrants that he or she is duly authorized and has requisite authority to execute and deliver this Stipulation on behalf of such Party and to bind his or her respective Party to the terms and conditions of this Stipulation.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed as of the day and year written below.

Dated: July 27, 2026

**NORTON ROSE FULBRIGHT US LLP**

*/s/Francisco Vazquez*
Victoria Corder
Julie Martin
Francisco Vazquez
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 408-1100
E-mail: victoria.corder@nortonrosefulbright.com
julie.martin@nortonrosefulbright.com
francisco.vazquez@nortonrosefulbright.com

*Counsel to Equal Ocean, LLC*

**CERTILMAN ADLER & HYMAN, LLP**

*/s/Robert D. Nosek*
Robert D. Nosek, Esq.
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7171
rnosek@ccrtilmanbalin.com

*Counsel to the Chapter 7 Trustee*

**SO ORDERED:**

**Dated: Brooklyn, New York**
**July 28, 2026**

Elizabeth S. Stong
United States Bankruptcy Judge